## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDIA NEWTON and BRANDY LEANDRO, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>R.C. BIGELOW, INC. and DOES 1 through 10,<br><br>          Defendants. | Case No.: 2:22-cv-5660<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Claudia Newton and Brandy Leandro ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this class action against Defendant R.C. Bigelow, Inc. and Does 1 through 10 ("Bigelow" or "Defendant"), based on Bigelow's false and deceptive advertising and labeling of several of its tea products.[1] Plaintiffs make the following allegations based on the investigation of their counsel, and on information and belief, except as to allegations pertaining to Plaintiffs individually, which are based on their personal knowledge.

## INTRODUCTION

1.     During the statute of limitations period, Bigelow has marketed and sold several varieties of its tea products to consumers throughout the State of New York based on the unequivocal representation that they are Manufactured in the USA 100%.

2.     However, the products are not Manufactured in the USA. Rather, they are wholly or predominantly comprised of tea, flavors, and materials that are imported from other countries.

---

[1]     Unless otherwise indicated, the terms "tea products" and "products" refer to all of Bigelow's teabag products, regardless of whether they contain tea derived from the tea plant *Camellia Sinensis*, or they are herbal tea.

Bigelow simply purchases these foreign ingredients and materials, blends and packages the products, and then distributes the products to wholesalers and retailers. That is the full extent of the U.S. manufacturing activity.

3.　　Plaintiffs purchased the Bigelow tea products based on the reasonable belief that they were Manufactured in the USA. Plaintiffs also suffered a financial injury in the form of paying a price premium that Bigelow's tea products have commanded in the market as a result of this claim.

4.　　Plaintiffs seek relief in this action individually, and on behalf of all other similarly situated individuals who purchased Bigelow's falsely and deceptively labeled tea products during the statute of limitations period, for violations of New York General Business Law §§ 349 & 350, breach of express warranty, fraud, intentional misrepresentation, and unjust enrichment.

5.　　Plaintiffs, on behalf of themselves and a Class of similarly situated consumers (defined *infra* at paragraph 37), are seeking damages, penalties, restitution, declaratory and injunctive relief, and all other remedies the Court deems appropriate.

## JURISDICTION AND VENUE

6.　　This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class Members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and Bigelow is a citizen of a state different from at least some Members of the proposed Class.

7.　　This Court has personal jurisdiction over Bigelow because Bigelow has sufficient minimum contacts in New York, or otherwise intentionally avails itself of the markets within New York, through its marketing, distribution, and sale of the goods and products in New York and to New York consumers.

8.      Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff Newton's claims occurred in this District. Plaintiff Newton resides in this District, and she purchased Bigelow's tea products in this District during the statute of limitations period.

## PARTIES

9.      Plaintiff Newton is a citizen of the United States and the State of New York and she currently resides in Central Islip, New York, located in Suffolk County. In or around June to July 2022, Plaintiff Newton purchased boxes of the Bigelow Green Tea with Lemon, Earl Grey, and Chamomile Vanilla varieties at retail stores in Long Island, New York. In purchasing these Bigelow tea products, Plaintiff Newton saw and relied on the statements "MANUFACTURED IN THE USA 100% AMERICAN FAMILY OWNED" and "AMERICA'S CLASSIC" printed on the containers. Plaintiff Newton's reasonable belief that these Bigelow tea products were Manufactured in the USA was an important factor in her decision to purchase them. Plaintiff Newton would have paid less for the them, or would not have purchased them at all, had she known that they were made solely or predominantly from foreign-sourced tea, flavors, ingredients, and materials. Therefore, Plaintiff Newton suffered injury in fact and lost money as a result of Bigelow's misleading, false, unfair, and deceptive practices, as described herein.

10.     Plaintiff Leandro is a citizen of the United States and the State of New York and she currently resides in Binghamton, New York, located in Broome County. In or around March to May 2022, Plaintiff Leandro purchased boxes of Bigelow Vanilla Chai Black Tea and Cozy Chamomile at retail stores in Johnson City and Binghamton, New York. In purchasing these Bigelow tea products, Plaintiff Leandro saw and relied on the statements "MANUFACTURED IN THE USA 100% AMERICAN FAMILY OWNED" and "AMERICA'S CLASSIC" printed on the containers. Plaintiff Leandro's reasonable belief that these Bigelow tea products were

Manufactured in the USA was an important factor in her decision to purchase them. Plaintiff Leandro would have paid less for the them, or would not have purchased them at all, had she known that they were made solely or predominantly from foreign-sourced tea, flavors, ingredients, and materials. Therefore, Plaintiff Leandro suffered injury in fact and lost money as a result of Bigelow's misleading, false, unfair, and deceptive practices, as described herein.

11.     Although Plaintiffs currently believe that Bigelow's tea products are not Manufactured in the USA, they cannot trust any of Bigelow's representations that the products are Manufactured in the USA. In addition, Plaintiffs lack personal knowledge as to the specific conditions under which Bigelow sources its tea, flavors, ingredients, and materials, preventing them from being able to verify the truthfulness or accuracy of Bigelow's representations. Therefore, even though Plaintiffs would like to continue purchasing Bigelow's tea products, they will for the time being, refrain from doing so. This is a tangible and ongoing harm to Plaintiffs. Class Members will also continue purchasing Bigelow's tea products, reasonably but incorrectly believing that they are Manufactured in the USA, resulting in a continuing harm to them.

12.     Although Plaintiffs seeks monetary damages in this case, such damages alone are insufficient to remedy the ongoing harm that is being caused to Plaintiffs and the Class. Plaintiffs do not assert claims for personal injuries, however, given the importance of a person's ability to make an informed decision about the products they purchase and consume, recovery of damages alone would be an insufficient and complete remedy. As such, injunctive relief requiring Bigelow to cease its false and deceptive labeling practices with respect to its tea products is necessary and appropriate.

13.     Bigelow is a private corporation that is headquartered in Fairfield, Connecticut. Bigelow owns a sizeable market share for bagged / loose-leaf tea in the United States and it

produces and sells over 1 billion tea bags annually. Bigelow markets, distributes, and sells its tea products via retail outlets and grocery stores throughout the State of New York and the United States.

14.     The true names and capacities of Does 1 through 10, inclusive, are unknown to Plaintiffs at this time, and Plaintiffs therefore sue such Doe defendants under fictitious names. Upon information and belief, each Defendant designated as a Doe is in some manner highly responsible for the occurrences alleged herein, and Plaintiffs' and Class Members' injuries and damages, as alleged herein, were proximately caused by the conduct of such Doe defendants. Plaintiffs will seek leave of the Court to amend this Complaint to allege the true names and capacities of such Doe defendants when ascertained.

## FACTUAL ALLEGATIONS

### A.     The Class Products.

15.     The products at issue in this case include all Bigelow tea bag products with containers that state "MANUFACTURED IN THE USA 100% AMERICAN FAMILY OWNED" and "AMERICA'S CLASSIC" (hereinafter, "the *Manufactured in USA* claims").

16.     These products include Constant Comment, Constant Comment Decaf, Earl Grey, Earl Grey Decaf, Vanilla Chai, Lemon Lift, Lemon Lift Decaf, Lemon Echinacea with Vitamin C, Green Tea, Green Decaf, Green Lemon, Green Ginger with Probiotics, Green Elderberry Vitamin C, Green Pomegranate, Green Lemon Decaf, Matcha Green Turmeric, Perfectly Mint, English Teatime, English Teatime Decaf, English Breakfast, French Vanilla, French Vanilla Decaf, Vanilla Caramel, Caramel Apple, Eggnogg'n, Hot Cinnamon, Oolong, Salted Caramel, Pumpkin Spice, Spiced Chai, and Spiced Chai Decaf, Cozy Chamomile, Lavender Chamomile, Chamomile Vanilla, Sweet Dreams, and Lemon Ginger (hereinafter, "the Class Products").

17.     As can be seen from the following representative images, the Class Products' containers all bear the same *Manufactured in USA* claims.

**Figure 1: English Tea Time Black Tea**





**Figure 2: Green Tea with Pomegranate**





**Figure 3: Vanilla Chai Black Tea**





**Figure 4: Lavender Chamomile Herbal Tea**





**B.    The Class Products Are Not Manufactured in the USA.**

18.    Through its packaging of the Class Products, namely, the *Manufactured in USA* claims, Bigelow has intentionally propagated the misconception that they are Manufactured in the USA. This is a false, deceptive, and misleading representation.

19.    None of the Class Products contain any tea that was harvested or processed in the United States. Many of the Class Products are made with black, green, and oolong tea leaves—all of which is derived from the same *Camellia Sinensis* plant. None of the *Camellia Sinensis* plant that is used to make the Class Products is grown in the United States. Rather, all of the *Camellia Sinensis* plant that is used to make the Class Products is grown on tea plantations/factories in countries such as India, China, and Sri Lanka.

20.    Most of the world's tea comes from China, India, Sri Lanka, and Kenya. According to the Tea Association of the U.S.A., Inc.: "Much of the world's tea is grown in mountainous areas 3,000 – 7,000 feet above sea level, situated between the Tropics of Cancer and Capricorn in mineral-rich and acidic soil. Over 30 countries grow tea with leading tea-producing countries being Argentina, China, India, Indonesia, Japan, Kenya, Malawi, Sri Lanka, Tanzania, Taiwan and Vietnam." Further, "[i]n 2019, total U.S. black and green tea imports were 260 million pounds."[2]

21.    The United States grows a miniscule amount of tea. The Charleston Tea Garden, which is the only tea plantation in the United States, is located in Charleston, South Carolina. It consists of only 127 acres. On the website for the Charleston Tea Garden, it states:

> "We're the only tea garden in North America* where you can see hundreds of thousands of tea bushes stretching out acre after acre for almost as far as the eye can see.
>
> *There are many hundreds of tea gardens in the world. With the exception of the Charleston

---

[2]    http://www.teausa.com/14655/tea-fact-sheet (last visited September 12, 2022).

Tea Garden, they're all located in Asia, Africa and South America, many thousands of miles from our shores."[3]

22.     At all relevant times herein, Bigelow has owned the Charleston Tea Garden, but none of the Class Products are made with tea grown or processed on the Charleston Tea Garden. On the website for the Charleston Tea Garden, it states: "This is the home of Charleston Tea Garden teas - nine very special flavors of tea, including our original American Classic Tea. This is the only brand of tea in the world that is made exclusively with 100% tea grown in America."[4]

23.     The finished tea that Bigelow imports and uses to make the Class Products is not raw. Rather, it is a finished, consumable tea. The process of harvesting tea, and then transforming it into consumable form, consists of multiple steps, which involve both intense manual labor and the use of heavy machinery. For example, with respect to the orthodox tea process, the *Camellia Sinensis* plant is first grown on tea plantations/factories in China, India, and Sri Lanka.  *Second*, the leaves are hand-picked from the tea plants. *Third*, the tea is withered, a process which removes water from the leaves. *Fourth*, the tea is rolled, a machine-process which involves bruising the leaves to prepare them for oxidation. *Fifth*, the tea is oxidized or fermented, a delicate and precise process which involves exposure of the leaves to air. The oxidation process is so important that it determines the nature and flavor of the tea.  *Sixth*, the tea is fired by exposing the tea to high heat in a furnace, a process which stops the oxidation of the leaves. *Seventh*, the tea is graded, which involves filtering the leaves through mechanized sieves. *Finally*, the tea is packed and prepared for shipment to the tea auction.[5]

---

[3]      https://charlestonteagarden.com/ (last visited September 12, 2022).

[4]      https://charlestonteagarden.com/our-garden (last visited September 12, 2022).

[5]      https://www.youtube.com/watch?v=P6oRtLGx9Bo (last visited September 12, 2022).

24.     At the end of this complex manufacturing process, the tea is suitable for consumption. This is the form of tea when Bigelow imports it from foreign countries.

25.     The tea that is used to make the Class Products comprises a considerable percentage of the product's value. There are additional flavors or spices added to some of the Class Products, but many of these additional flavors or spices (e.g., Bergamot oil, lemon verbena, licorice root, etc.) are also wholly-sourced from abroad.

26.     Several of the Class Products are herbal teas, meaning they contain no tea derived from the *Camellia Sinensis* plant. However, these herbal teas are entirely or predominantly comprised of foreign-sourced botanicals. For example, the amount of chamomile imported into the U.S. each year is between 750,000 and one million pounds, with an estimated 90% of it used for herbal tea.[6] And Bigelow's chamomile varieties, including the Cozy Chamomile, Lavender Chamomile, Sweet Dreams, and Chamomile Vanilla, are either wholly or predominantly comprised of chamomile flowers that Bigelow imports from foreign countries.[7] Similarly, significant ingredients in the Lemon Ginger variety, including lemon verbena and licorice root, are foreign-sourced.[8] Again, none of these botanicals are manufactured or produced in the United States. Bigelow simply imports these finished botanicals.

27.     The Class Products also have the same packaging. To the extent the packaging components are relevant to the calculation of domestic value, or whether it is appropriate to label

---

[6]     https://www.teatulia.com/tea-varieties/what-is-chamomile.htm (last visited September 12, 2022).

[7]      https://www.importyeti.com/company/r-c-bigelow (last accessed September 12, 2022).

[8]     *Id.* (last accessed September 12, 2022).

the Class Products with the *Manufactured in USA* claims, some of this packaging is also entirely foreign-sourced. For example, the filter paper—i.e., the tea bag itself—is foreign-sourced.[9]

28.     In sum, Bigelow imports finished tea, ingredients, flavors, and materials, and blends them in the United States. As explained herein, this falls well short of the standard required to make a Made in USA claim.[10] Therefore, Bigelow's use of the *Manufactured in USA* claims is false, deceptive, and likely to deceive reasonable consumers that the Class Products are Made in the USA.

### C.     The False and Deceptive *Manufactured in USA* Claims Harm Consumers.

29.     The *Manufactured in USA* claims, taken in isolation and as a whole, convey the unequivocal message that the Class Products are Made or Manufactured in the USA.

30.     A reasonable consumer is likely to believe, based on the *Manufactured in the USA* claims, that the Class Products are made entirely or at least substantially from American ingredients and materials. *See*, *e.g.*, 16 C.F.R. § 323.2 ("Made in USA Labeling Rule") ("In connection with promoting or offering for sale any good or service . . . it is an unfair or deceptive act or practice . . . to label any product as Made in the United States unless the final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States.").

---

[9]      *Id.* (last accessed September 12, 2022).
[10]     "Manufactured" and "made" are synonymous. *See*, *e.g.*, 16 C.F.R. § 323.1(a) ("The term *Made in the United States* means any unqualified representation, express or implied, that a product or service, or a specified component thereof, is of U.S. origin, including, but not limited to, a representation that such product or service is 'made,' 'manufactured,' 'built,' 'produced,' 'created,' or 'crafted' in the United States or in America . . . ") (emphasis in original).

31.     The importance of American-made products to consumers, or materiality, is recognized as a matter of law. *See*, *e.g.*, 16 C.F.R. § 323.2; Cal. Bus. & Prof. Code § 17533.7 (California's Made in USA law). Empirical data also shows, and can be used to show, that American consumers prefer, and are willing to pay more for, American-made products.

32.     Moreover, Bigelow acknowledges that consumers value American-made tea. The website for the Charleston Tea Garden states: "American Classic Tea has maintained its faithful fans since its start in the late 1980's and has continued to prosper as a result of consumers wanting to experience the only tea grown and produced in America."[11]

33.     Plaintiffs and other consumers purchased the Class Products relying on Bigelow's *Manufactured in the USA* claims. They did not know, nor did they have reason to know, that the Class Products were not Manufactured in the USA, because of the statements, "AMERICA'S CLASSIC" and "MANUFACTURED IN THE USA 100% AMERICAN FAMILY OWNED," prominently printed on the Class Products' containers.

34.     Because the Class Products are not Manufactured in the USA, Bigelow's branding, packaging, and advertising of the Class Products was and continues to be false, misleading and deceptive. As the entity responsible for the development, manufacturing, packaging, advertising, distribution and sale of the Class Products, Bigelow knew that the foregoing Manufactured in the USA representations are untruthful and deceptive.

35.     Bigelow also knew or should have known that Plaintiffs and other consumers would rely on its *Manufactured in the USA* claims in purchasing the Class Products, and would therefore reasonably believe that the Class Products are Made in the USA. Nonetheless, Bigelow deceptively advertises the Class Products in order to exploit strong consumer sentiment for American goods.

---

[11]     https://charlestonteagarden.com/faqs (last visited September 12, 2022).

36.     Plaintiffs and other consumers have a paid a price premium for the Class Products that the market has commanded as a result of the Manufactured in the USA. Therefore, Plaintiffs and other consumers purchasing the Class Products have suffered injury in fact and lost money as a result of Bigelow's false and deceptive practices, as alleged herein.

## CLASS ACTION ALLEGATIONS

37.     Plaintiffs bring this class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of Members of the following Class:

> All natural persons who purchased any of the Class Products at a retail store in the State of New York within the applicable statute of limitations period.

38.     Excluded from the Class are the following individuals and/or entities: Bigelow and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Bigelow has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

39.     Plaintiffs reserve the right to modify or amend the definition of the proposed Class after having had an opportunity to conduct discovery.

40.     Both Plaintiffs are Members of the proposed Class.

41.     **Numerosity:** The proposed Class is so numerous that joinder of all Members would be impractical. The number of individuals who purchased the Class Products throughout the State of New York during the relevant time period is at least in the thousands. Accordingly, Class Members are so numerous that their individual joinder herein is impractical. While the precise number of Class Members and their identities are unknown to Plaintiffs at this time, these Class Members are identifiable and ascertainable.

42.    **Common Questions Predominate:** There are questions of law and fact common to the proposed Class that will drive the resolution of this action and will predominate over questions affecting only individual Class Members. These questions include, but are not limited to, the following:

a.    Whether Bigelow misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Class Products;

b.    Whether the *Manufactured in the USA* claims are false or deceptive;

c.    Whether Bigelow engaged in unfair, unlawful and/or fraudulent business practices;

d.    Whether Bigelow's unlawful conduct, as alleged herein, was intentional and knowing;

e.    Whether Plaintiffs and the Class are entitled to damages, and if so, in what amount;

f.    Whether Bigelow is likely to continue using false, misleading or unlawful conduct such that an injunction is appropriate; and

g.    Whether Plaintiffs and the Class are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

43.    Bigelow has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiffs on behalf of the proposed Class. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by Members of the proposed Class flow, in each instance, from a common nucleus of operative fact, namely, Bigelow's deceptive packaging and advertising of the Class Products. Each instance of harm suffered by Plaintiffs and Class Members has directly

resulted from a single course of illegal conduct. The entire Class has been uniformly exposed to the same deceptive practice, as each of the Class Products' containers bear the *Manufactured in the USA* claims, but none of them come close to meeting the standard to make a Made in USA claim, because they are all made with foreign-sourced ingredients and materials. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

44.     **Superiority:** Because of the relatively small damages at issue for each individual Class Member, no Class Member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

45.     **Typicality:** The representative Plaintiffs' claims are typical of those of the proposed Class, as all Members of the proposed Class are similarly affected by Bigelow's uniform unlawful conduct as alleged herein.

46.     **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the proposed Class as their interests do not conflict with the interests of the Members of the proposed Class they seek to represent, and they have retained counsel competent and experienced in similar class action litigation. The interests of the Members of the Class will be fairly and adequately protected by the Plaintiffs and their counsel.

47.     Bigelow has also acted, or failed to act, on grounds generally applicable to Plaintiffs and the proposed Class, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the Members of the Class.

## CAUSES OF ACTION

### COUNT I
### Violation of N.Y. Gen. Bus. Law § 349
### (*For the Class*)

48.     Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if fully set forth herein.

49.     Plaintiffs bring this claim individually and on behalf of the Members of the Class against Bigelow.

50.     New York General Business Law ("GBL") § 349 declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce . . ." GBL § 349(a).

51.     The practices alleged herein—namely, labeling and advertising the Class Products as Manufactured in the USA when they do not meet that standard—are unfair, deceptive, and misleading, in violation of GBL § 349.

52.     Bigelow's conduct is also unfair, deceptive, and misleading because it fails to disclose that the Class Products are comprised entirely or predominantly of foreign ingredients and materials in order to induce consumers' purchases of the Class Products.

53.     The foregoing deceptive acts and practices were directed at Plaintiffs and Members of the Class. At all relevant times, Bigelow has known or reasonably should have known that the Class Products are not Manufactured in the USA, and that Plaintiffs and other Members of the Class would reasonably and justifiably rely on the *Manufactured in USA* claims prominently printed on the containers when purchasing the Class Products. Nonetheless, Bigelow deceptively advertises the Products as Manufactured in the USA in order to deceive consumers into believing they are buying an American-made good.

54.     Bigelow's *Manufactured in USA* claims regarding the Class Products are material to a reasonable consumer because they relate to the quality and safety of the Class Products and

they also appeal to a consumer's sense of patriotism. A reasonable consumer attaches importance to such representation and is induced to act thereon in making purchase decisions.

55.     Plaintiffs and Members of the Class have suffered and continue to suffer injuries caused by Bigelow because they would have paid significantly less for the Class Products, or would not have purchased them at all, had they known that the Class Products are not Manufactured in the USA.

56.     As a result of Bigelow's unlawful actions, Plaintiffs and Members of the Class seek to enjoin Bigelow's deceptive and unlawful acts and practices described herein, to recover actual damages, fifty dollars (or both), whichever is greater, as well as treble damages, reasonable attorneys' fees, and all other remedies this Court deems proper.

## COUNT II
## Violation of N.Y. Gen. Bus. Law § 350
### (*For the Class*)

57.     Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if fully set forth herein.

58.     Plaintiffs bring this claim individually and on behalf of the Members of the Class against Bigelow.

59.     GBL § 350 provides in relevant part: "False advertising in the conduct of any business, trade or commerce . . . in this state is hereby declared unlawful."

60.     In turn, GBL § 350-a defines false advertising as:

"[a]dvertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity . . . to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual."

61.     Bigelow's actions are untrue and misleading in representing the Class Products are Manufactured in the USA when they are not.

62.     Bigelow's conduct is also misleading because Bigelow fails to disclose that the Class Products are comprised entirely or predominantly of foreign ingredients and materials in order to induce consumers' purchases of the Class Products.

63.     The foregoing misleading acts and practices were directed at Plaintiffs and Members of the Class.

64.     Bigelow's *Manufactured in USA* claims regarding the Class Products are material to a reasonable consumer because they relate to the quality and safety of the Class Products and they also appeal to a consumer's sense of patriotism. A reasonable consumer attaches importance to such representation and is induced to act thereon in making purchasing decisions.

65.     The foregoing misrepresentations have resulted in consumer injury or harm to the New York public.

66.     Plaintiffs and Members of the Class have been injured as a direct and proximate result of Bigelow's violations described above, as they would have paid significantly less for the Class Products, or would not have purchased them at all, had they known that the Class Products are not Manufactured in the USA.

67.     As a result of Bigelow's unlawful action, Plaintiffs and Members of the Class seek to enjoin Bigelow's misleading and unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater (or both), as well as treble damages, reasonable attorneys' fees, and all other remedies this Court deems proper.

**COUNT III**
**Breach of New York Express Warranty**
**N.Y. U.C.C. § 2-313**
(*For the Class*)

68.     Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if fully set forth herein.

69.     Plaintiffs bring this claim individually and on behalf of the Members of the Class against Bigelow.

70.     New York U.C.C. § 2-313 provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." N.Y. U.C.C. § 2-313.

71.     Bigelow has expressly warranted on the Class Products' containers that they are Manufactured in the USA. Specifically, the *Manufactured in USA* claims (a) are affirmations of fact or promises made by Bigelow to consumers that the Class Products are Manufactured in the USA 100%, (b) became part of the basis of the bargain to purchase the Class Products when Plaintiffs relied on the representation, and (c) created an express warranty that the Class Products would conform to these affirmations of fact or promises. In the alternative, the representations about the Class Products are descriptions of goods which were made as part of the basis of the bargain to purchase the Class Products, and which created an express warranty that the Class Products would conform to the product descriptions.

72.     Bigelow's misrepresentations regarding the Class Products are material to a reasonable consumer because they relate to the quality and safety of the Class Products and they also appeal to a consumer's sense of patriotism. A reasonable consumer attaches importance to such representation and is induced to act thereon in making purchasing decisions.

73.     Plaintiffs and Members of the Class reasonably and justifiably relied on the foregoing express warranties, believing that the Class Products did in fact conform to these warranties.

74. Bigelow has breached the express warranties made to Plaintiffs and Members of the Class by failing to manufacture the Class Products in the USA.

75. Plaintiffs and Members of the Class paid a premium price for the Class Products but did not obtain the full value of the Class Products as represented. If Plaintiffs and Members of the Class had known of the true nature of the Class Products, they would not have purchased the Class Products, or would not have been willing to pay the premium price stemming from the false and deceptive *Manufactured in USA* claims.

76. As a result, Plaintiffs and Members of the Class suffered injury and deserve to recover all damages afforded under the law.

77. In May to June 2022, Plaintiffs discovered the foregoing breach. On August 17, 2022, Plaintiffs sent Bigelow notice of this breach via certified mail. Bigelow received this notice on or about August 22, 2022.

<u>**COUNT IV**</u>
<u>**Common Law Fraud**</u>
(***For the Class***)

78. Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if fully set forth herein.

79. Plaintiffs bring this claim individually and on behalf of the Members of the Class against Bigelow.

80. Bigelow has willfully, falsely, or knowingly packaged and marketed the Class Products in a manner indicating that they are Manufactured in the USA. However, the Class Products are not Manufactured in the USA. Therefore, Bigelow has made misrepresentations as to the Class Products.

81. Bigelow also failed to disclose that Class Products are comprised of wholly foreign-sourced and processed tea and other foreign-sourced flavors and materials, in order to induce

consumers' purchases of the Class Products.

82.     Bigelow's misrepresentations and omissions are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions) because they relate to the quality and safety of the Class Products, along with a consumer's sense of patriotism.

83.     Bigelow knew or recklessly disregarded the fact that the Class Products are not Manufactured in the USA.

84.     Bigelow intends for Plaintiffs and other consumers rely on these representations and omissions, as evidenced by Bigelow's intentionally describing the Class Products as "Manufactured in the USA 100%." Bigelow's ancillary marketing and advertising further supports this conclusion. For example, during the statute of limitations period, Bigelow has described itself as a "Made in America by an American family for the American consumer" on promotional materials, and it has described or permitted description of the Class Products as "American Made Tea" on the e-commerce websites of major retailers. All of this reflects a conscious intent to deceive consumers though the *Manufactured in USA* claims.

85.     Plaintiffs and Members of the Class have reasonably and justifiably relied on Bigelow's misrepresentations and omissions when purchasing the Class Products and had the correct facts been known, would not have purchased the Class Products or would not have purchased them at the prices at which they were offered.

86.     Therefore, as a direct and proximate result of Bigelow's fraud, Plaintiffs and Members of the Class have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Class Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

<u>COUNT V</u>
<u>Intentional Misrepresentation</u>
(*For the Class*)

87.     Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if fully set forth herein.

88.     Plaintiffs bring this claim individually and on behalf of the Members of the Class against Bigelow.

89.     Bigelow marketed the Class Products in a manner indicating that the Class Products are Manufactured in the USA. However, the Class Products are not Manufactured in the USA. Therefore, Bigelow has made misrepresentations as to the Class Products.

90.     Bigelow's *Manufactured in USA* claims regarding the Class Products are material to a reasonable consumer because they relate to the quality and safety of the Class Products, along with a consumer's sense of patriotism. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

91.     At all relevant times when such misrepresentations were made, Bigelow knew that the representations were misleading, or at a minimum acted recklessly in making the representations without regard to the truth.

92.     Bigelow intends for Plaintiffs and other consumers rely on these representations, as evidenced by Bigelow's intentional use of labeling on the Class Products' containers that state "Manufactured in the USA 100%." Bigelow's ancillary marketing and advertising further supports this conclusion. For example, during the statute of limitations period, Bigelow has described itself as a "Made in America by an American family for the American consumer" on promotional materials, and it has described or permitted description of the Class Products as "American Made Tea" on the e-commerce websites of major retailers. All of this reflects a conscious intent to deceive consumers though the *Manufactured in USA* claims.

93.     Plaintiffs and Members of the Class have reasonably and justifiably relied on Bigelow's intentional misrepresentations when purchasing the Class Products, and had the correct facts been known, would not have purchased the Class Products or would not have purchased them at the prices at which they were offered.

94.     Therefore, as a direct and proximate result of Bigelow's intentional misrepresentations, Plaintiffs and Members of the Class have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Class Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### COUNT VI
### Quasi Contract/Unjust Enrichment/Restitution
### (*For the Class*)

95.     Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if fully set forth herein.

96.     Plaintiffs bring this claim individually and on behalf of the Members of the Class against Bigelow.

97.     As alleged herein, Bigelow has intentionally and recklessly made misleading representations to Plaintiffs and Members of the Class to induce them to purchase the Class Products. Plaintiffs and Members of the Class have reasonably relied on the misleading representations and have not received all of the benefits promised by Bigelow. Plaintiffs and Members of the Class therefore have been induced by Bigelow's misleading and false representations about the Class Products, and paid for them when they would and/or should not have or paid more money to Bigelow for the Class Products than they otherwise would and/or should have paid.

98.     Plaintiffs and Members of the Class have conferred a benefit upon Bigelow as Bigelow has retained monies paid to them by Plaintiffs and Members of the Class.

99.     The monies received were obtained under circumstances that were at the expense of Plaintiffs and Members of the Class—i.e., Plaintiffs and Members of the Class did not receive the full value of the benefit conferred upon Bigelow.

100.    Therefore, it is inequitable and unjust for Bigelow to retain the profit, benefit, or compensation conferred upon them without paying Plaintiffs and the Members of the Class back for the difference of the full value of the benefits compared to the value actually received.

101.    As a direct and proximate result of Bigelow's unjust enrichment, Plaintiffs and Members of the Class are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Bigelow from its deceptive, misleading, and unlawful conduct as alleged herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, respectfully pray for the following relief:

A.      Certification of this case as a class action on behalf of the Class defined above, appointment of Plaintiffs as Class representatives, and appointment of their counsel as Class counsel;

B.      A declaration that Bigelow's actions, as described herein, violate the claims described herein;

C.      An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and the Class, including, *inter alia*, an order prohibiting Bigelow from engaging in the unlawful conduct described above;

D.      An award to Plaintiffs and the proposed Class of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Bigelow obtained from Plaintiffs and the proposed Class as a result of its unlawful, unfair and fraudulent business practices described herein;

E.      An award of all economic, monetary, actual, consequential, compensatory, statutory, and treble damages caused by Bigelow's conduct;

F.      An award of punitive damages;

G.      An award of nominal damages;

H.      An award to Plaintiffs and their counsel of reasonable expenses and attorneys' fees;

I.      An award to Plaintiffs and the proposed Class of pre- and post-judgment interest, to the extent allowable; and

J.      For such further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the proposed Class, hereby demand a jury trial with respect to all issues triable of right by jury.

DATED: September 22, 2022

                                  **GLANCY PRONGAY & MURRAY LLP**

                              By: /s/ Daniella Quitt
                                  Daniella Quitt
                                  745 Fifth Avenue, 5th FL
                                  New York, NY 10151
                                  Telephone: (212) 935-7400
                                  Email: dquitt@glancylaw.com

                                  **SCHNEIDER WALLACE COTTRELL KONECKY LLP**
                                  Jason H. Kim (*pro hac vice* forthcoming)
                                  2000 Powell Street, Suite 1400
                                  Emeryville, CA 94608
                                  Telephone: (415) 421-7100
                                  Email: jkim@schneiderwallace.com

                                  **THE WAND LAW FIRM, P.C.**
                                  Aubry Wand (*pro hac vice* forthcoming)
                                  100 Oceangate, Suite 1200
                                  Long Beach, CA 90802
                                  Telephone: (310) 590-4503
                                  Email: awand@wandlawfirm.com

                                  *Attorneys for Plaintiffs and the Putative Class*